

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 9, 1939

Hon. Claude A. Williams
Acting Secbetary of State
Austin, Texas

Dear Sir:

Opinion No. 0-247
Re: Right of Private corporation to
issue preferred stock.

This will acknowledge receipt of your letter of
January 30, 1939, in which you submit for an opinion of
this Department the following question:

"Can a corporation, created for any pur-
pose other than dealing in oil, gas, salt
brine and other mineral solutions, issue pre-
ferred stock?"

Article 1495, Chap. 15, Title 32 of the Revised
Civil Statutes of 1925 is as follows:

"This chapter embraces corporations
created for the purpose of storing, trans-
porting, buying and selling oil, gas, salt
brine and other mineral solutions and li-
quified minerals; also sand and clay for
the manufacture and sale of clay products;
and the production of oil and gas. (As
amended Acts 1935, 44th Leg., p. 296, ch.
110, Para. 2)"

Article 1496 of the same title is as follows:

"Fiscal powers.--Such corporation shall
have the right to borrow money to an amount
not in excess of its paid up capital stock,
as provided by law, to issue stock and pre-
ferred stock, to mortgage its franchises and
property to secure the payment of any debt
contracted for any purposes of such corpora-
tion, and shall possess all the rights and
powers of corporations for profit in this

State whenever the same may be applicable to corporations of this character. (Acts 1899, p. 202; Acts 1915, p. 259; Acts 1917, p. 54.)"

Thus, it is clear that all corporations covered by such chapter are specifically authorized to issue preferred stock. A careful examination of all other statutes respecting private corporations reveals the total absence of specific statutory authority for corporations, other than those authorized by chapter 15, title 32 of the Revised Civil Statutes of 1925, to issue preferred stock.

Article 1304 of the Revised Civil Statutes of 1925, in setting forth the requirements of the charter itself, provides in Sec. 6 thereof that the charter must set forth:

"The amount of the capital stock, if any, and the number of shares into which it is divided."

The matter of the creation of rights and preferences of stock must, therefore, be left to the judgment of the interested parties in the exercise of their contractual rights.

It is said in Thompson on Corporations, 3rd Ed., Vol. 5, P. 276, Para. 3435:

"It has been suggested........that the law usually requires capital stock to be divided into shares. But in the practical operation of corporations the capital stock, for convenience, has come to be classified into many different kinds, without regard to the division into shares."

It was held in the case of People ex rel. Recess Exporting and Importing Corporation vs. Hugo, 182 N. Y. Supp. 9, that in the absence of statutory provisions to the contrary, a certificate of incorporation of a business corporation may make such preferences between stockholders as to its stock as seem best, and that the matter of preferences is a matter of concern only to the stockholders of the corporation.

The court said in Hamlin vs. Toledo St. L. & K. C. R. Co., 78 Fed. 664:

"Ordinarily, preferred stock is entitled

to no preference over other stock in relation to capital. But where there is an expressed agreement giving such a preference not prohibited by local law or the charter, we see no reason why it is not a valid contract as between the corporation and such preferred stockholders."

The distinction between common and preferred stock resolves itself into a question of preferences and this is true whether the stock is so designated common or preferred or by some other names.

Tex. Jur., Vol. 10, p. 672 says:

"....There appears to be no reason to doubt, that, between the stockholders, and subject to the organization agreement, different rights may be attached to different classes of stock."

This statement in Texas Jurisprudence is justified and supported by the cases of St. Regis Candies vs. Hovas, 3 SW (2nd) 429 by the Commission of Appeals. The court held in answer to questions certified from the Court of Civil Appeals of the 1st Supreme Judicial District that a classification of stock into class A and class B stock with the class A stock having the sole voting power was not in contravention of public policy, the Constitution or the statutes.

A careful examination of the authorities leads this Department to the opinion and you are so advised that private corporations generally may issue preferred stock upon compliance with laws dealing with and respecting corporations.

Trusting that this satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Lloyd Armstrong_
Lloyd Armstrong
Assistant

LA:AW

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS